**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-00698-CJC(MRWx)					Date:  May 7, 2013

Title: <u>NELSON VELASCO v. HOMEWIDE LENDING CORP., ET AL.</u>

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

<u>Michelle Urie</u>                             <u>   N/A   </u>
Deputy Clerk                               Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                               None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM**

     On April 1, 2013, pro se Plaintiff Nelson Velasco filed this action against Defendants Homewide Lending Corp. ("Homewide"), Aurora Loan Services, LLC ("Aurora"), Nationstar Mortgage, LLC, and Mortgage Electronic Registration Systems, Inc. (collectively, "Defendants") asserting several causes of action related to the property at 5043 Evergreen Ave, Cypress, CA (the "Subject Property").  Mr. Velasco alleges that he purchased the Subject Property after obtaining an adjustable rate loan from Homewide.  The mortgage was securitized, after which Aurora became the servicer of the loan.  The Subject Property was sold at a Trustee's Sale on November 14, 2011, and an unlawful detainer action was brought against Mr. Velasco on February 8, 2012.  Mr. Velasco seeks injunctive relief to prevent Defendants from taking possession of the Subject Property.  He also brings claims for (1) violation of the Truth in in Lending Act ("TILA"); (2) violation of the Real Estate Settlement Procedures Act; (3) violation of the Rosenthal Act; (4) quiet title; (5) wrongful foreclosure; (6) slander of title; (7) civil conspiracy; (8) unfair business practices; (9) imposition of constructive trust; (10) fraud; and (11) securitization of mortgage loans.  Based upon a review of the Complaint, it appears that Mr. Velasco fails to state a claim upon which relief can be granted.

     Most of Mr. Velasco's claims are premised on allegations that Defendants fraudulently foreclosed on the Subject Property.  A plaintiff alleging fraud or mistake must "state with particularity the circumstances constituting fraud or mistake," Fed. R.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-00698-CJC(MRWx)          Date: May 7, 2013
         Page 2

Civ. P. 9(b), including the "who, what, when, where, and how" of the alleged fraud. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). "To allege fraud with particularity, a plaintiff . . . must set forth what is false or misleading about a statement, and why it is false." *Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1094 (C.D. Cal. 1999). Here, Mr. Velasco's allegations are wholly conclusory, and lack the necessary factual basis to satisfy Rule 9(b). For example, Mr. Velasco alleges that "Defendants misrepresented the facts intending to force Plaintiff to either pay large sums of money to Defendants to which they were not entitled, or to abandon the Property to foreclosure sale, to Defendants' profit." (Dkt. No. 1 [Compl.] at 8.) Mr. Velasco fails to allege with any specificity what facts were misrepresented, when the misrepresentations were made, how the misrepresentations are false, and which specific Defendants made the misrepresentations.

      Mr. Velasco's Complaint suffers from a number of other problems. For example, he brings a claim for violation of California's Rosenthal Fair Debt Collection Practices Act. However, "foreclosure pursuant to a deed of trust does not constitute debt collection under the [Rosenthal Act]." *Sipe v. Countrywide Bank*, 690 F. Supp. 2d 1141, 1151 (E.D. Cal. 2010) (quotes omitted). Additionally, it appears that Mr. Velasco's TILA claim is time barred. TILA permits injured plaintiffs to seek damages or rescission. An individual must bring claims for damages within one year of the violation, 15 U.S.C. § 1640(e), and the right to rescind "expire[s] three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first," 15 U.S.C. § 1635(f). Mr. Velasco filed this action more than three years after the consummation of the loan.

      Accordingly, the Court **ORDERS** Mr. Velasco to show cause why this case should not be dismissed for failure to allege any cognizable claim. Mr. Velasco shall file an opposition to the Court's order to show cause by May 21, 2013. Defendants shall have until May 28, 2013 to file a response. This matter will be decided on the papers without any hearing.

mtg

MINUTES FORM 11
CIVIL-GEN                                                                          Initials of Deputy Clerk MU