# JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| NELSON VELASCO,<br>　　　　Plaintiff,<br><br>　　vs.<br><br>HOMEWIDE LENDING CORP.,<br>AURORA LOAN SERVICES, LLC,<br>NATIONSTAR MORTGAGE, LLC,<br>and MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.<br>　　　　Defendants. | Case No.: SACV 13-00698-CJC(RNBx)<br><br>**ORDER DISMISSING CASE** |

## I. INTRODUCTION

On May 2, 2013, pro se Plaintiff Nelson Velasco filed this action relating to the property located at 5043 Evergreen Ave in Cypress, California ("the Property"). Mr. Velasco brings claims against Homewide Lending Corp. ("Homewide"), Aurora Loans Services, LLC ("Aurora"), Nationstar Mortgage, LLC ("Nationstar"), and Mortgage Electronic Registration Systems, Inc. (collectively, "Defendants"). Mr. Velasco alleges that on November 15, 2006, he executed an adjustable rate note in the amount of $600,000 before a representative of Homewide in order to purchase the Property. (Dkt.

No. 1 ["Compl."] at 5.) Mr. Velasco attempted to contact "Defendants" in November 2009 regarding a modification of the loan terms. (*Id*.) Defendants, however, allegedly ignored his correspondences and requests to modify his loan. (*Id*. at 2.) Instead, Defendants foreclosed on the property and sold it at a trustee sale held on November 14, 2011. (*Id*.) Mr. Velasco alleges ten causes of action against Defendants: (1) fraud and misrepresentation under the Truth in Lending Act ("TILA"), (2) violation of the Real Estate Settlement Procedures Act ("RESPA"), (3) violation of the California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), (4) quiet title, (5) wrongful foreclosure, (6) slander of title, (7) fraud, (8) civil conspiracy, (9) constructive trust, and (10) unfair business practices under the California Business & Professions Code section 17200 ("UCL").[1] (*See* Compl.) On May 7, 2013, the Court issued an Order to Show Cause ("OSC") why the case should not be dismissed for failure to state a claim. (Dkt. No. 8.) On May 21, 2013, Mr. Velasco filed a largely non-responsive opposition to the OSC. (Dkt. No. 7.) Among other things, he asserts that the United States is in Chapter 11 reorganization and lacking the solvency to pay its debt, and that all financial institutions are under the control of the International Monetary Fund. (*Id*. ¶¶ 9, 14.) He barely mentions the allegations in the Complaint, and provides no explanation as to why his Complaint states a claim for relief. Defendants filed a reply in support of the OSC on May 28, 2013. (Dkt. No. 8.) Based on the parties' responses to the Court's OSC and for the reasons stated below, the Court DISMISSES the Complaint for failure to state a claim upon which relief can be granted.

## II. ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. In considering whether to dismiss a case for failure to state a

---

[1] Mr. Velasco incorrectly states that he seeks an eleventh cause of action for a temporary restraining order ("TRO") and an injunction. These are forms of relief, however, and not a separate cause of action.

claim, the issue before the Court is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994). However, a court may consider extrinsic evidence to evaluate a motion to dismiss without converting it into a motion for summary judgment if such evidence may be judicially noticed. *Lee v. City of Los* Angeles, 250 F.3d 668, 688 (9th Cir. 2001). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Additionally, plaintiffs alleging fraud or mistake must "state with particularity the circumstances constituting fraud or mistake," Fed. R. Civ. P. 9(b), including the "the time, place and specific content of the false representations as well as the parties to the misrepresentations." *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393 (9th Cir. 1986)).

Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations, *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995), the district court need not grant leave to amend if amendment of the complaint would be futile. *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051–52 (9th Cir. 2008) (finding that amendment would be futile where plaintiff was granted leave to amend once and the amended complaint contained the same defects as the prior complaint). The Court addresses each of Plaintiffs' causes of action in turn.

### A. Fraud and Misrepresentation under TILA

Mr. Velasco alleges that Defendants violated TILA, but points to no specific provisions of the law that were violated. As a result, he has failed to put Defendants on notice of the claims against them, making his allegations insufficient under Rule 8. Regardless, any potential TILA claims are likely time-barred. TILA permits injured plaintiffs to seek damages or rescission. An individual must bring claims for damages within one year of the violation, 15 U.S.C. § 1640(e), and the right to rescind "expire[s] three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first," 15 U.S.C. § 1635(f). Mr. Velasco did not file this action until more than three years after the consummation of the loan. Additionally, Mr. Velasco has not demonstrated that the Court should equitably toll the damages statute of limitations. "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of [her] claim." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000). Mr. Velasco alleges no facts in the Complaint or in his opposition to the OSC to suggest that he could not have discovered the alleged TILA violations by exercising reasonable diligence. His claims are therefore bared by the statute of limitations.

### B. RESPA Violations

Mr. Velasco alleges that Defendants violated RESPA § 2605(e) by failing to respond to his request for a loan modification and by failing to comply with disclosure requirements at the closing of the sale of the Property. With respect to the disclosure at the time of sale, Mr. Velasco does not allege which disclosure requirements Defendants violated. As a result, he has failed to put Defendants on notice of the claims against them, as required by Rule 8(a).

With respect to the loan modification request allegations, Mr. Velasco fails to allege that he suffered any actual damages as the result of the RESPA violations. *See* 12 U.S.C. § 2605(f); *Long v. Deutsche Bank Nat'l Trust Co.*, No. 10-00359 JMS/KSC, 2011 U.S. Dist. LEXIS 122617, at *12 ("Because damages are a necessary element of a RESPA claim, failure to plead damages is fatal to a RESPA claim."). Mr. Velasco pleads no facts creating a causal connection between Defendants' alleged failure to respond to the loan modification requests and his damages. For example, he does not claim that he was eligible for a loan modification, or that he was capable of making payments on a modified loan. Moreover, Mr. Velasco fails to allege that he is entitled to statutory damages because he does not adequately plead a "pattern or practice" of RESPA violations. *See* RESPA § 2605(f)(1)(B). Instead, he asserts in wholly conclusory fashion that he "is informed and believes . . . that Defendants have engaged in a pattern or practice of non-compliance requirements of . . . RESPA." (Compl. at 9.) This "formulaic recitation of the elements of a cause of action" is not sufficient to state a claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**C. Violations of the Rosenthal Act**

Mr. Velasco alleges that Defendants violated the Rosenthal Act by "foreclosing upon a void security interest; foreclosing upon a note of which they were not in possession . . . ; falsely stating the amount of the debt; increasing the amount of the debt by including amounts that are not permitted by law . . . ; and using unfair and unconscionable means in an attempt to collect the debt." (Compl. at 9.) Mr. Velasco provides no factual allegations in support of these claims. For example, he fails to allege when or how Defendants falsely stated the amount of the debt. Moreover, "a loan servicer is not a debt collector under [the Rosenthal Act]." *Lal v. Am. Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010); *see Sipe v. Countrywide Bank*, 690 F. Supp. 2d 1141, 1151 (E.D. Cal. 2010) ("[F]oreclosure pursuant to a deed of trust does not

constitute debt collection under the [Rosenthal Act]."); *see Gardner v. Am. Home Mortg. Servicing, Inc.*, 691 F. Supp. 2d 1192, 1199 (E.D. Cal. 2010) ("[T]o the extent Plaintiff's Rosenthal Act claims against Defendants arise out of collection efforts related to Plaintiff's mortgage loan, they are outside the scope of the Rosenthal Act."). Therefore, to the extent the alleged violations were undertaken in an effort to service the note, Mr. Velasco fails to state a claim.

### D. Quiet Title

Mr. Velasco brings a claim to quiet title on the Property against the claims of Aurora, Nationstar, and any other unnamed defendants who would claim an interest. (Compl. at 10.) In order to prevail on a claim to quiet title, Mr. Velasco must provide, in a verified complaint: (1) a legal description and street address of the subject real property, (2) the title of plaintiff as to which determination is sought and the basis of the title, (3) the adverse claims to the title of the plaintiff against which a determination is sought, (4) the date as of which the determination is sought, and (5) prayer for the determination of the title of the plaintiff against the adverse claims. Cal. Code Civ. P. § 761.020; *Vega v. JP Morgan Chase Bank, N.A.*, 654 F. Supp. 2d 1104, 1120–21 (E.D. Cal. 2009). Mr. Velasco's claim for quiet title is deficient in a number of respects. Mr. Velasco failed to verify his Complaint, provide the legal description of the Property, or provide the date as of which the determination is sought. Additionally, he alleges that Defendants have an adverse interest as holders of the deed of trust. But, "[a] security interest in a deed of trust is not an adverse claim to a plaintiff's property." *Tang v. Bank of Am., N.A.*, No. SACV 11-2048 DOC (DTBx), 2012 U.S. Dist. LEXIS 38642, at *46 (C.D. Cal. Mar. 19, 2012) ("[B]ecause Defendants' only interest in the property is a security interest evidenced by the Deed of Trust, Plaintiffs have failed to show an adverse claim to their home."); *Vega*, 654 F. Supp. 2d at 1121 (dismissing quiet title cause of action because defendants had a security interest in a deed of trust, not an adverse claim in the property).

### E. Wrongful Foreclosure

Mr. Velasco's cause of action for wrongful foreclosure is both legally and factually insufficient. Mr. Velasco's claims are founded on the contention that Aurora and Nationstar lacked the right to foreclose on the Property because they "were not and are not in possession of the Note, and are not otherwise entitle to payment." (Compl. at 10.) Contrary to Mr. Velasco's contentions, there is no requirement that Defendants be in physical possession of the note. *See Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1186 (N.D. Cal. 2009) ("Under California law, there is no requirement for the production of an original promissory note prior to initiation of a nonjudicial foreclosure."); *Dubinsky v. Chevy Chase Bank*, No. C 12-02765 CRB, 2012 U.S. Dist. LEXIS 151030, at *7–*8 (N.D. Cal. Oct. 19, 2012) (dismissing claim based on premise that defendants were not entitled to foreclose because they did not possess the note). Additionally, Mr. Velasco's allegation that "Defendants are not 'person[s] entitled to enforce' the security interest on the Property," (Compl. at 10–11), is wholly conclusory and lacking any factual support.

Mr. Velasco next alleges that the foreclosure was wrongful because Defendants "failed to properly record and give notice of the Substitution of Trustee which may or may not have occurred as provided by California Civil Code section 2934a, subsection (b)." (Compl. at 11.) Section 2934a(b) provides that if "the substitution is effected after a notice of default has been recorded but prior to the recording of the notice of sale, the beneficiary or beneficiaries shall cause a copy of the substitution to be mailed . . . to all persons to whom a copy of the notice of default would be required to be mailed by the provisions of Section 2924b." Mr. Velasco's allegations are too vague to state a violation of section 2934a(b). As an initial matter, it appears that Mr. Velasco is not certain himself whether a violation occurred. (*See* Compl. at 11 (alleging that notice "may or may not have occurred").) Further, Mr. Velasco fails to allege any facts explaining when

the substitution of trustee took place, whether notice was actually mailed, and if so, why that notice was deficient.

**F. Slander of Title**

Mr. Velasco brings a claim for slander of title, alleging that Aurora and Nationstar "disparaged" his "exclusive valid title in 2009, by and through the preparing, posting, publishing and recording . . . the Notice of Default." (Compl. at 12.) "The elements of the tort are (1) publication, (2) absence of justification, (3) falsity and (4) direct pecuniary loss." *Seeley v. Seymour*, 190 Cal. App. 3d 844, 858 (1987). Mr. Velasco fails to allege that there was anything improper or false contained in the Notice of Default. Mr. Velasco generally asserts that the Notice of Default was improper because Aurora and Nationstar had "no right, title, or interest in the Property." (Compl. at 12.) Unfortunately, Mr. Velasco pleads no facts explaining why Aurora and Nationstar lack an interest in the Property. Presumably, he is referring to the allegations related to his wrongful foreclosure claims. The Court, however, has already rejected those arguments.

**G. Constructive Trust**

Mr. Velasco alleges that Defendants have obtained legal title to the Property "by means of an unjustified and fraudulent non-judicial foreclosure sale." (Compl. at 15.) As a result, he asks that the Court impose a constructive trust causing Defendants to hold whatever interests they claim in the Property in trust for him. (*Id*.) "A constructive trust is an equitable remedy imposed where the defendant holds title or some interest in certain property which it is inequitable for him to enjoy as against the plaintiff." *Kraus v. Willow Park Pub. Golf Course*, 73 Cal. App. 3d 354, 373 (1977). "[T]hree conditions are necessary for a plaintiff to establish a constructive trust for its benefit: the existence of a res (some property or some interest in property), the plaintiff's right to that res, and the

defendant's gain of the res by fraud, accident, mistake, undue influence or other wrongful act." *United States v. Pegg*, 782 F.2d 1498, 1500 (9th Cir. 1986). Mr. Velasco has failed to allege that he has a right to the Property and that Defendants gained the Property by a wrongful act. Therefore, he has failed to plead the necessary elements required for a constructive trust.

### H. Fraud

Mr. Velasco asserts a fraud cause of action, alleging that "Defendants, and each of them, have made several representations to Plaintiffs with regard to important facts. These representations made by Defendants were false." (Compl. at 16.) Mr. Velasco's cause of action for fraud fails to state a claim as it does not meet the heightened pleading standard required for allegations of fraud. Rule 9(b) requires that fraud allegations be stated with particularity, including the "who, what, when, where, and how" of the alleged fraud. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Mr. Velasco alleges no facts concerning which specific statements were false, when the statements were made, who made the statements, or why they are false. His conclusory statements fall far short of the heightened standard of Rule 9(b).

### I. Civil Conspiracy

Mr. Velasco alleges that Defendants committed a civil conspiracy by agreeing to "implement a scheme to defraud and victimize Plaintiff through the predatory lending practices and other unlawful acts alleged herein." (Compl. at 14.) Under California law, civil conspiracy is not an independent cause of action, but rather a theory of liability that holds defendants liable for wrongful acts committed by others. *See Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510–11 (1994). To establish a civil conspiracy, the complaint must allege (1) the formation and operation of a conspiracy,

(2), the wrongful act or acts pursuant thereto, and (3) damage to the plaintiff resulting from such act or acts. *Id.* at 511. "Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort." *Id.* Mr. Velasco fails to allege any facts showing that there was a formation and operation of a conspiracy, or that Defendants committed a wrongful act. Accordingly, he fails to plead the necessary elements of a civil conspiracy.

**J. Violations of the UCL**

The UCL provides a separate theory of liability under the "unlawful," "unfair," or "fraudulent" prong. *Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007). Under his UCL cause of action, Mr. Velasco simply alleges that "Defendants committed unlawful, unfair, and/or fraudulent business practices . . . by engaging in the unlawful, unfair, and fraudulent business practices alleged herein." (Compl. at 15.) Because Mr. Velasco has failed to sufficiently allege any unlawful, unfair, and fraudulent acts throughout the Complaint, his derivative UCL claim fails as well.[2]

///
///

---

[2] Mr. Velasco additionally seeks a TRO and a preliminary injunction enjoining Defendants from taking possession of the Property. The standard for issuing a TRO is "substantially identical" to that for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff seeking either "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.' " *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Nat'l Res. Def. Council, Inc.*, 129 S.Ct. 365, 374 (2008)). A TRO and preliminary injunction are extraordinary and drastic remedies that may only be awarded upon a clear showing that the moving party is entitled to relief. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Mr. Velasco has failed to sufficiently plead a single claim for relief. Therefore, he has not shown a likelihood of success on the merits, and is not entitled to a TRO or preliminary injunctive relief.

## III. CONCLUSION

For the foregoing reasons, Mr. Velasco's Complaint is DISMISSED WITH PREJUDICE.

DATED: June 21, 2013

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE